|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br><br>JS-6 |

CIVIL MINUTES -- GENERAL

Case No.    **CV 11-6753-JFW (JCx)**                                           Date:  November 18, 2011

Title:       Cameron Jon Craven -v- Department of Revenue Collection, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                 None Present
   Courtroom Deputy                          Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                                                       None

**PROCEEDINGS (IN CHAMBERS):**     ORDER ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

On August 16, 2011, Petitioner Cameron Jon Craven ("Petitioner") filed a Petition for Writ of Mandamus ("Petition") against the Department of Revenue Collection and the County of Sacramento.

Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").

In his Petition and Statement of Jurisdiction, Petitioner alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1651, the All Writs Act. However, the All Writs Act does not confer jurisdiction on the federal courts. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). In his Statement of Jurisdiction, Petitioner alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 3231. However, no such statute exists. Petitioner also alleges in his Statement of Jurisdiction that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1291. However, that statute vests the court of appeals with "jurisdiction of appeals from all final decisions of the district courts of the United States," and, thus, cannot serve as a basis for subject matter jurisdiction in this Court.

The Court also finds that, pursuant to Rule 12(e), Petitioner's Petition is "so vague and ambiguous" that the defendants will not be able to "reasonably prepare a response." Rule 12(e). As the court in *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996), found "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes

unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.